# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NUTREANCE LLC, *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:18CV98 RLW<br>) |
| PRIMARK LLC, *et al.*, | )<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Overrule Objections and Compel Answers to Discovery Requests (ECF No. 56), Plaintiffs' Alternative Motion for Leave to Serve Additional Interrogatories upon Defendants (ECF No. 57), and Plaintiffs' Motion to Amend Case Management Order (ECF No. 59). The motions are fully briefed and ready for disposition.

## **Background**

Plaintiffs Nutreance LLC, Indingo, LLC, and Keoch Corp. own dietary supplements and their trademarks which Plaintiffs market and sell on the internet. Plaintiffs allege that Defendants own and operate websites and blogs purporting to give unbiased reviews of products, which are actually sham and manipulated ranking system. Plaintiffs contend that Defendants rate their products as #1 while giving competing products bad reviews. Plaintiffs further allege that the websites create a false impression that they are operated by unbiased third parties. In addition, Defendants provide a link next to Plaintiffs' products which then takes consumers to a page to purchase Defendants' products. Plaintiffs claim that Defendants have decreased Plaintiffs' sales and harmed Plaintiffs' reputations. On January 22, 2018, Plaintiff filed a Complaint for Damages and Equitable Relief alleging Trademark Infringement, False

Advertising, Federal Unfair Competition, Common Law Unfair Competition, Commercial Disparagement, Defamation, and Tortious Interference with Business Relationships/Expectancies. (Compl., ECF No. 2) Plaintiffs seek declaratory judgment, compensatory damages, restitution, and disgorgement profits.[1] (*Id.* at p. 15)

On August 24, 2018, Plaintiffs filed a Motion to Overrule Objections and Compel Answers to Discovery Requests and an Alternative Motion to for Leave to Serve Additional Interrogatories. On that same date, Plaintiffs filed a Motion to Amend the Case Management Order. Plaintiffs generally aver that Defendants have objected to all of Plaintiffs interrogatories, requests for production, and requests for admission, making it impossible for Plaintiffs to obtain expert reports or otherwise complete discovery. Plaintiffs seek an amended Case Management Order ("CMO") and either an order compelling Defendants to provide answers to Plaintiffs' discovery requests or an order allowing Plaintiffs to propound additional interrogatories. Defendants oppose all three requests.

## Discussion

Under Federal Rule of Civil Procedure 16(b), a CMO "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quotation and citation omitted). Here, Plaintiffs contend that they have diligently pursued discovery in this matter, but Defendants have either failed to provide the requested discovery or have provided evasive responses such that Plaintiffs have been unable to prepare their expert reports.

---

[1] On October 4, 2018, Plaintiffs voluntarily dismissed their claim for lost profits in the Prayer for Relief. (ECF No. 68)

2

The Court finds that amendment of the CMO is warranted in this case. The Court issued the CMO on June 5, 2018, and Plaintiffs filed their motions two months later. While Defendants attempt to show unreasonable delay on the part of the Plaintiffs by holding the Plaintiffs to the date the parties first conferred under Rule 26(f), Defendants offer no case law in support of this proposition. Nothing in the record demonstrates delay on the part of Plaintiffs to comply with the CMO, and the Court will order the parties to meet and confer, and file an amended joint proposed scheduling plan with realistic discovery deadlines, the ADR referral date, and deadlines for dispositive motions.[2] The Court will also consider a ***brief*** continuation of the trial date.

With respect to Plaintiffs' motion to compel or, in the alternative motion for leave to propound additional interrogatories, the Court will deny the motions without prejudice. In light of the extension of time for discovery in an amended CMO, the Court is confident that the parties can discuss and resolve their discovery disputes in good faith without Court intervention. However, should the parties be unable to reach a resolution, the Court will consider any renewed motion to compel or motion to propound additional interrogatories.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Case Management Order (ECF No. 59) is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall meet and confer and file an Amended Joint Proposed Scheduling Plan no later than November 7, 2018.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Overrule Objections and Compel Answers to Discovery Requests (ECF No. 56) and Plaintiffs' Alternative Motion for Leave to

---

[2] Although Plaintiffs have submitted a proposed scheduling plan, the Court notes that the disclosure of expert witnesses date is less than two weeks away. In light of the multiple discovery disputes in this case, the Court will allow the parties to extend the proposed dates, if necessary.

3

Serve Additional Interrogatories upon Defendants (ECF No. 57) are **DENIED without prejudice**.

Dated this 23rd day of October, 2018.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**