## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

NUTREANCE, LLC, *et al.*,           )
                                    )
    Plaintiff(s),           )
                                    )
vs.                                 )           Case No. 4:18-cv-00098-SRC
                                    )
PRIMARK LLC, *et al.,*              )
                                    )
    Defendant(s).           )

## MEMORANDUM AND ORDER

    This matter is before the Court for resolution of a discovery dispute, as set forth in Plaintiffs' Third Motion to Overrule Objections and Compel Answers to Plaintiffs' Discovery Requests [120] and Plaintiffs' Request for Telephone Conference [122].[1]   The Court has reviewed the written submissions of the Parties, and heard from the Parties on this issue at the status conference held on October 10, 2019.   The Court GRANTS in part and DENIES in part Plaintiffs' Motion, as set forth in greater detail below.

## I.    Background

    Plaintiffs first raised concerns regarding Defendants' discovery responses to this Court more than a year ago, on August 24, 2018, when Plaintiffs filed their first Motion to Compel and Overrule Discovery Objections. Doc. 56.   That Motion to Compel raises issues remarkably similar to the issues before the Court now.   Then—as now—Plaintiffs argued that Defendants'

---

1 The Court previously denied Plaintiffs' Third Motion to Overrule Objections and Compel Answers to Plaintiffs' Discovery Requests, Doc. 120, without prejudice for failure to comply with this Court's Judge's Requirements. Plaintiffs' subsequent Request for a Telephone Conference, Doc. 122, renewed the same concerns addressed in Doc. 120, and in a form that complied with the Court's Judge's Requirements.   Accordingly, the Court heard from the Parties on this discovery dispute at the status conference held on October 10, 2019 and the issue is now ripe for decision.   In this Memorandum and Order, the Court refers to Doc. 122 as the "Third Motion to Compel."

document productions are inadequate, and that Defendants' responses to interrogatories are evasive and incomplete.   Doc. 58.   The Court denied Plaintiffs' first Motion to Compel without prejudice, expressing "[confidence] that the parties [could] discuss and resolve their discovery disputes without Court intervention."   Doc. 70.   Yet just weeks later the Parties' discovery disputes were once again before this Court when Plaintiffs' filed their Second Motion to Compel. Doc. 72.   Plaintiffs' Second Motion to Compel reiterated many of the same complaints raised in the first motion.   This time the Court partially granted Plaintiffs' motion to compel, ordering Defendants to "produce all non-privileged requests for production" and giving Plaintiffs leave to serve additional interrogatories.   Doc. 109.   That should have been the end of it.

Now before the Court is Plaintiffs' Third Motion to Compel, which describes a litany of alleged deficiencies in Defendants' discovery responses.   Plaintiffs' Motion essentially raises the following: 1) Defendants *still* fail to produce all non-privileged documents responsive to Plaintiffs' requests for production; and 2) Defendants *still* give incomplete or evasive answers to Plaintiffs' interrogatories.

On October 10, 2019, the Court held a status conference and hearing to address the persistent and ongoing discovery disputes in this case.   Based upon its review of the record, and the Parties' representations to the Court at the status conference, the Court makes the following findings:

## II.     Defendants' Failure to Produce Documents in their Possession, Custody, or Control

The Court finds that Defendants have failed to produce all non-privileged documents in their possession, custody, or control that are responsive to Plaintiffs' Requests for Production. At the status conference, Defendants' counsel acknowledged his own concerns as to whether his clients have been fully forthcoming.   Based on its review of the record and the statements of

Defendants' counsel, the Court finds that Defendants have failed to produce responsive documents that may be outside of the Defendants' *possession* but are within Defendants' custody or control.   *See* Fed. R. Civ. P. 34(a)(1).

At the status conference, the Court inquired on the distinction between Plaintiffs requesting information from Order Dynamics via letters rogatory and Defendants not producing the information.   Defendants' counsel responded by stating that his clients did not have to produce the information that was not in their possession.   Defendants' counsel conceded that the documents Plaintiffs obtained via letters rogatory to the Canadian corporation Order Dynamics "would not be in Order Dynamics' hands *but for* Order Dynamics' relationship with [the Defendants]."   The Court finds that the Order Dynamics documents are in the custody or control of Defendants and should have been produced.

## III.   Defendants' Failure to Adequately Investigate their Interrogatory Answers

The Court further finds that Defendants failed to complete a reasonable investigation before submitting answers to Plaintiffs' interrogatories. "[P]arties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests."   *3M Innovative Properties Co. v. Tomar Elecs.*, No. CIV 05-756 MJD/AJB, 2006 WL 2670038, at *6 (D. Minn. Sept. 18, 2006); *see also SPV-LS, LLC Transamerica Life Ins. Co. v. Bergman*, No. CV 14-4092, 2017 WL 899882, at *7 (D.S.D. Mar. 6, 2017) (a party "has a duty to make reasonable investigations in order to answer interrogatories"); 8B C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2177 (3d ed.) (a party answering interrogatories "will be required to provide facts available to it without undue labor and expense").   At the status conference, Defendants' counsel acknowledged that Defendant Danny O'Shea could have consulted with representatives of 21 Century Web to learn the identities of individuals who

worked on the allegedly offending websites. Defendant's counsel further acknowledged that Mr. O'Shea—either directly or via the Defendant LLCs of which he is a principal—has a contractual relationship with 21 Century Web. Considering the interrogatories at issue and Defendants' relationship with 21 Century Web, the Court finds that a minimally reasonable investigation would have included a request for information from 21 Century Web, and that Defendants failed to complete a reasonable investigation before serving their discovery responses.

## IV. Counsel's Failure to Make Reasonable Inquiry

Finally, the Court finds that counsel for Defendants, Mr. Jayson Sohi, did not complete an inquiry reasonable under the circumstances before certifying to the Court the Defendants' discovery responses. An attorney must conduct a "reasonable inquiry" before signing the discovery responses of his client. Fed. R. Civ. P. 26(g)(1). As discussed above, Mr. Sohi expressed concerns during the Status Conference regarding whether his clients were fully forthcoming in their responses to Plaintiffs' document requests. Mr. Sohi also conceded at the status conference that he did not know whether the interrogatory answers he certified to this Court were, in fact, complete. While the Court appreciates Mr. Sohi's candor during the status conference, this does not absolve counsel of his duty to conduct a reasonable inquiry *before* certifying to this Court the discovery responses of his clients.

Mr. Sohi filed both a pleading, Doc. 117, and a declaration under penalty of perjury, Doc. 117-1, that the Court finds intentionally attempted to mislead the Court. Mr. Sohi represented to the Court that "Defendants [] produced everything they had at their disposal[,]", Doc. 117 at 9, Defendants "provided all of the information at its [sic.] disposal[,]", Doc. 117 at 15, and Defendants produced "all available non-privileged materials and responses in good faith." Doc.

117-1 at ¶ 3. At the status conference, Mr. Sohi conceded that these were "carefully chosen words." Counsel has a duty of candor to the Court. Mo. R. Prof. Conduct 4-3.3; E.D.Mo. L.R. 83-12.02. By attempting to mislead the Court, Mr. Sohi breached this duty.

## V.       Sanctions

Although no motion for sanctions is pending, the Court has authority to address the issue of sanctions on its own initiative. *See* Fed. R. Civ. P. 26(g)(3); 37(b)(2)(A); 11(c)(3). In light of the Court's extension of the discovery deadline and authorization of additional written discovery as ordered at the status conference, the Court will hold in abeyance any ruling on sanctions pending the Defendants' full and timely compliance with the Court's orders.

Therefore, **IT IS ORDERED** that Defendants shall produce all non-privileged documents responsive to Plaintiffs' first set of requests for production in Defendant's possession, custody, or control, and not previously produced, within fifteen (15) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to serve additional interrogatories, not to exceed ten (10), and additional requests for production upon Defendants. Plaintiffs shall serve such additional interrogatories and requests for production no later than October 21, 2019.

**IT IS FURTHER ORDERED** that, should Plaintiffs serve additional interrogatories or requests for production upon Defendants, Defendants shall answer such interrogatories or requests for production within fifteen (15) days of service.

**IT IS FURTHER ORDERED** that Defendants' answers to Plaintiffs' additional interrogatories shall be made only after Defendants have completed reasonable investigation.

**IT IS FINALLY ORDERED** that Defendants must produce all non-privileged documents responsive to Plaintiffs' requests for production that are in Defendants' possession, custody, or control.   Defendants must interpret the phrase "possession, custody, or control," *see* Fed. R. Civ. P. 34(a)(1), as expansively as permissible under the Federal Rules of Civil Procedure and the law of this Circuit.

So Ordered this 21st day of October, 2019.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE